UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LIONEL MCCRAY,

                Petitioner,                      14-cv-5983 (PKC)

   -against-

                                        MEMORANDUM AND
                                        ORDER ADOPTING REPORT
                                        <u>AND RECOMMENDATION</u>

HAROLD D. GRAHAM,

                Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On July 22, 2014, petitioner Lionel McCray, who represents himself <u>pro se</u>, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court referred the petition to Magistrate Judge Andrew J. Peck to hear and report. (Docket # 11.) On December 3, 2014, Magistrate Judge Peck issued a Report and Recommendation (the "R&R") recommending that the petition be denied. (Docket # 18.) It concluded that McCray's claims for relief are procedurally barred, and that even if they were not, would be denied on the merits. (<u>Id.</u>) McCray filed objections to the R&R on December 19, 2004. (Docket # 20.) By way of letter-brief, the respondent contends that the R&R should be adopted in full. (Docket # 19.)

        For the reasons explained, this Court concludes that the R&R is well reasoned and grounded in law, and it is adopted in full.

        At approximately 4 a.m. on October 7, 2009, McCray was arrested while in the possession of electronics that he stole from Madame Tussaud's Wax Museum on 42nd Street. (R&R at 2.) He was charged with two counts of second-degree burglary: one count for the burglary of the wax museum, and a second count for burglary of the Hilton Times Square Hotel,

which shares an internal stairwell with the museum.  (R&R at 1-2.)  At the conclusion of a trial in the Supreme Court of the State of New York, New York County, the jury found McCray guilty on both counts.  Justice Patricia Nunez sentenced McCray, as a second felony offender, to two consecutive prison terms of seven-and-a-half years each.  (R&R at 7.)  On direct appeal, the First Department affirmed the conviction and sentence, People v. McCray, 102 A.D.3d 560 (1st Dep't 2013), and the New York Court of Appeals thereafter affirmed the First Department, People v. McCray, 23 N.Y.3d 621 (2014).  McCray's appeal did not raise any federal constitutional claims or rely on federal law.

McCray asserts that there was insufficient evidence to support his convictions for second-degree burglary, and that the imposition of consecutive sentences violates the Fifth and Eighth Amendments to the United States Constitution.  The petition asserts that the "[e]vidence was legally insufficient to support either count of second degree burglary" because, under New York law, the crime of second-degree burglary must occur in a dwelling, and, he argues, Madame Tussaud's Wax Museum cannot be considered a dwelling.  (Docket # 1 at 2, 16-19.)  The New York Court of Appeals previously considered this argument in detail, and concluded that because McCray accessed the museum via a stairwell connected to the adjacent Hilton hotel, the museum qualified as a "dwelling" under New York Penal Law § 140.25(2) and 140.00(3).  McCray, 23 N.Y.3d at 629-30.  McCray also asserts that the imposition of consecutive sentences violates the Fifth Amendment's prohibition against double jeopardy, and is unconstitutionally disproportionate under the Eighth Amendment.  (Docket # 1 at 18-19.)

I.      <u>Appointment of Counsel.</u>

McCray has filed two applications requesting that the Court appoint counsel. The first was filed on November 14, 2014 and the second was filed on December 29, 2014. (Docket # 17, 21.) These applications are denied.

"The court may request an attorney to represent any person unable to afford counsel." 15 U.S.C. § 1215(e)(1). "Broad discretion lies with the district judge" in reviewing such requests, but discretion must be exercised "in accordance with sound legal principles . . . ." <u>Hodge v. Police Officers</u>, 802 F.2d 58, 60 (2d Cir. 1986). "In habeas corpus cases, counsel must be appointed for qualified indigents when a hearing is required; the court may appoint counsel at an earlier stage if it deems appointment desirable." <u>Id.</u> A court "must consider the merits" of the claim, but "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." <u>Id.</u>

The petition turns on the application of federal and state law to the trial and appellate records. The principles of law are not particularly complex. No independent factual investigation or hearing is required. The applications for appointment of counsel are therefore denied.

II.      <u>De Novo Review of the R&R, and the Record on Which It Is Based.</u>

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews McCray's objections <u>de novo</u>. <u>Id.</u> In order to establish his entitlement to federal habeas relief, McCray must make a showing that the trial court's actions were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 402-13 (2000) (applying 28 U.S.C. § 2254(d)(1)).

### A.  The R&R's Principal Conclusions and Its Reasoning.

First, Magistrate Judge Peck concluded that McCray's claims are procedurally barred, and recommended that the petition be dismissed on this basis alone.  (R&R at 21-26.)  The R&R noted that McCray's appeals to the First Department and the New York Court of Appeals raised only arguments under New York law, did not argue that his federal constitutional rights were violated and did not rely on federal authority.  (R&R at 24-26.)  Magistrate Judge Peck concluded that because McCray did not raise federal claims in his direct appeal, he no longer has a procedurally available claim in the state courts.  (R&R at 25.)  As such, McCray's claims in his habeas petition are "deemed exhausted" and procedurally barred.  (R&R at 25-26.)  The R&R recommended dismissing the petition because the procedural bar forecloses all claims.  (R&R at 26.)

Second, Magistrate Judge Peck concluded that even if the petition were not procedurally barred, it should be denied on the merits, because McCray was not entitled to relief for purported misapplication of New York law concerning the burglary of a dwelling.  Federal habeas corpus relief is available for an erroneous application of state law only when the error is so arbitrary and capricious that it independently violates due process or the Eighth Amendment.  (R&R at 29, citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).  The R&R reviewed New York law concerning second-degree burglary and the definition of what constitutes a "dwelling."  (R&R at 29.)  A building is a dwelling if it is "usually occupied by a person lodging therein at night."  (R&R at 29 (quoting N.Y. Penal L. § 140.00(3)).  If "a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and part of the main building."  (R&R at 29 (quoting N.Y. Penal L. § 140.00(2)).  The R&R observed that, at trial, the testimony established that the wax museum and the Hilton hotel were

connected by an unlocked stairway.  (R&R at 31.)  In affirming McCray's conviction, the New York Court of Appeals revisited its holding in Quinn v. People, 71 N.Y. 561 (1878), and concluded that burglary of a partially residential building was the burglary of a dwelling, even if the burglar entered through non-residential areas.  McCray, 23 N.Y.3d at 629-30.  The R&R observed that an unlocked stairwell provided access between the wax museum and the Hilton's fourteenth floor.  (R&R at 32.)  Magistrate Judge Peck concluded that, when the evidence is viewed in the light most favorable to the prosecution, a jury could have found beyond a reasonable doubt that, based on the shared stairwell, McCray's burglary of the wax museum constituted a burglary of a dwelling, and that such a conclusion was not arbitrary and capricious.  (R&R at 29-33.)

Third, the R&R concluded that the imposition of consecutive sentences does not violate the Fifth and Eighth Amendments.  (R&R at 33-40.)  It observed that the double jeopardy clause of the Fifth Amendment does not bar consecutive sentences for separate and distinct acts, even if the acts are part of a single transaction.  (R&R at 34-35.)  This includes the burglary of separately secured units within a larger building.  (R&R at 35-36 (collecting cases).)  Magistrate Judge Peck concluded that trial evidence supported the jury's finding that McCray unlawfully entered the Hilton hotel, and then separately entered the wax museum unlawfully.  (R&R at 36.)  The First Department and New York Court of Appeals both affirmed McCray's consecutive sentences.  (R&R at 38.)  Magistrate Judge Peck concluded that New York law supported the consecutive sentences, and that there was no basis for habeas relief on double jeopardy grounds.  (R&R at 38-39.)

Finally, the R&R concluded that McCray did not have a cognizable claim under the Eighth Amendment.  (R&R at 39-40.)  McCray asserts that the imposition of consecutive

sentences is unconstitutionally disproportionate. (R&R at 39-40.) Magistrate Judge Peck noted that there is substantial authority holding that when a sentence is within the range prescribed by state law, a petitioner is not entitled to federal habeas relief. (R&R at 39-40 (collecting cases).) Because McCray's sentence was within the prescribed range, he is not entitled to habeas relief, the R&R concluded. (R&R at 40.)

B. This Court's Review.

This Court has reviewed McCray's objections to the R&R, and concludes that they are without merit.

McCray argues that his claims were preserved because his appeals challenged the sufficiency of trial evidence. (Objections at 8-9.) But because McCray raised no federal claims on direct appeal, the New York courts had no opportunity to address them. See, e.g., Daye v. Attorney General of the State of New York, 696 F.2d 186, 191 (2d Cir. 1982) ("In general, the exhaustion doctrine provides that a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim."). As a result, this Court adopts the R&R's recommendation that the petition be dismissed as procedurally barred.

As to the merits, McCray primarily objects to New York law concerning the wax museum's status as a "dwelling" for the purpose of determining the elements of second-degree burglary. (Objections at 6-10.) The New York Court of Appeals closely considered this argument, and concluded that, "though the case is close," McCray's entry to the wax museum through shared hotel stairway "just barely" supported the jury's conclusion that the wax museum constituted a dwelling. McCray, 23 N.Y.3d at 630. "Though the burglary was not physically close to the guest rooms of the hotel, the ease of access from one place to another is at least

equally important." Id.  This conclusion turned solely on the application of New York law and the sufficiency of evidence in support of the jury's verdict.  It does not implicate federal constitutional law and was not arbitrary or capricious.  Thus, McCray is not entitled to habeas corpus relief on this basis.

On the imposition of consecutive sentences, McCray argues that his conduct was a "petty property theft" that did not involve "heinous acts," "use of a dangerous weapon" or other aggravating factors.  (Objections at 11-12.)  He argues that under Prince v. United States, 352 U.S. 322 (1957), his sentence is unlawful.  But Prince solely involved the sentencing limits under the text of the Federal Bank Robbery Act, 18 U.S.C. § 2113, and did not evaluate any constitutional obstacle to consecutive sentences.  The Court agrees with the R&R's conclusion that McCray's consecutive sentences are lawful under the Fifth and Eighth Amendments.

CONCLUSION

The R & R is adopted in its entirety. The Clerk is directed to close the case and enter judgment for the respondent.

The applications for appointment of counsel are DENIED, and the Clerk is directed to terminate the motions.  (Docket # 17, 21.)

McCray has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 13, 2015